# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 5:22-cv-99-DCB-BWR<br>) |
| EDNA HUTCHINS and SHEILA ANN WOODLEY, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT IN INTERPLEADER

**COMES NOW** The Western and Southern Life Insurance Company (hereinafter "W&S"), by and through its undersigned counsel of record, and pursuant to 28 U.S.C. § 1335, hereby submits its Complaint in Interpleader as follows:

### I.  PARTIES

1. W&S is organized in the State of Ohio, and its principal place of business is in the State of Ohio.

2. Upon information and belief, Edna Hutchins is a resident of Natchez, Mississippi.

3. Upon information and belief, Sheila Ann Woodley is a resident of Chicago, Illinois.

### II.  JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1335. The jurisdictional requirements of § 1335 are satisfied because: 1) this action involves insurance

policies in excess of $500; 2) two or more adverse claimants are claiming, or may claim, an entitlement to the proceeds of the policies; 3) the citizenship of two or more of the claimants is diverse; and 4) W&S is ready and able to deposit the death benefits at issue in the amount of $7,500.00 into the registry of the Court upon receiving the Court's permission to do so. The Court possesses personal jurisdiction over the defendants pursuant to 28 U.S.C. § 2361.

5. Venue is proper in the U.S. District Court for the Southern District of Mississippi because one of the named defendants, Edna Hutchins, resides in Natchez, Mississippi, located in Adams County, which is part of the Southern District of Mississippi, Western Division. 28 U.S.C. § 1391.

### III.   INTERPLEADER

6. Effective August 11, 1998, W&S issued a whole life policy, number 00045048052 (the "1998 Policy"), insuring the life of Rebecca Whitted ("Decedent") with a death benefit of $2,500. A true and correct copy of the 1998 Policy is attached hereto as Exhibit A. At the time of application, Decedent was designated the owner of the policy, and her husband Willie Whitted was named primary beneficiary. (Application, Ex. A).

7. Effective May 26, 2006, W&S issued a whole life policy, number 00080129978 (the "2006 Policy"), insuring the life of Decedent with a death benefit of $5,000. A true and correct copy of the 2006 Policy is attached hereto as Exhibit B. At the time of application, Decedent was designated the owner of the policy, and her nieces Shirley Sashfras and Edna Hutchins ("Hutchins") were named primary beneficiaries. (Application, Ex. B).

8. In February 2007, W&S received Request for Policy Service forms, seeking to change the primary beneficiary of both the 1998 Policy and the 2006 Policy (collectively, the

"Policies") to Hutchins. True and correct copies of the Requests are attached hereto as Exhibit C.

9. On April 2, 2015, W&S received Absolute Assignment forms from Decedent, changing the ownership of the Policies to Sheila Ann Woodley ("Woodley"). True and correct copies of the Assignments are attached hereto as Exhibit D. The forms appear to have been signed by Decedent and identify Woodley as Decedent's "friend." (*Id.*). Pursuant to the Absolute Assignment forms, "ALL PREVIOUS DESIGNATIONS OF BENEFICIARIES ARE HEREBY REVOKED AND THE BENEFICIARY IS HEREBY CHANGED TO THE ASSIGNEE…" (*Id.*) (emphasis in original). Accordingly, Woodley was named owner and beneficiary of the Policies.

10. Shortly thereafter, on or about April 7, 2015, W&S received multiple policy changes from Decedent. One set sought to change the beneficiaries of the Policies to Woodley, and another set named Decedent as the owner of the Policies and Woodley as successor owner. True and correct copies of the policy changes are attached as Exhibit E. However, as the ownership of the Policies had been transferred to Woodley pursuant to the April 2, 2015 requests, these April 7, 2015 changes were not honored.

11. Later in the month, Decedent contacted W&S on multiple occasions to discuss the Policies. On April 14, 2015, Decedent informed W&S in a call that she no longer trusted Woodley and did not want her to be beneficiary of the Policies. Decedent further indicated that Woodley had Decedent sign the beneficiary change forms while Decedent was ill and unaware of what she was signing. In this call, Decedent also indicated that the purpose of the Policies was to cover her cremation, with any remaining benefits going to charity.

12. Just over two weeks later, on April 29, 2015, Decedent again contacted W&S about her Policies. When informed by W&S that she was no longer the owner of the Policies, Decedent stated that she should be owner, not Woodley. Decedent expressed her belief that she was being taken advantage of by Woodley while ill, and Decedent did not understand what she was signing. Decedent further requested that all recent changes to her Policies be voided. Pursuant to her request, ownership of the Policies was transferred back to Decedent, and the primary beneficiary of each policy reverted to Hutchins.

13. Following these April phone calls, W&S transmitted a letter to Woodley, informing her that ownership of the Policies would remain with Decedent. A true and correct copy of W&S' May 4, 2015 letter is attached hereto as Exhibit F.[1]

14. Decedent passed away on January 25, 2022. A true and correct copy of the death certificate is attached hereto as Exhibit G. On the same day, Woodley initiated her claim for the death benefits under the Policies.

15. W&S conducted a thorough claim review and on February 22, 2022, notified Woodley that she was not the named beneficiary on the Policies. A true and correct copy of the February 22, 2022 letter is attached hereto as Exhibit H.

16. Since that time, Woodley has maintained her position as rightful beneficiary of the Policies.

17. To date, Hutchins has not yet submitted a claim for benefits under the Policies.

18. W&S is in receipt of information that puts it in a position to face multiple liability with respect to the Policies' death benefits. W&S should not be forced to serve as the trier of

---

[1] The May 4, 2015 letter listed only the 1998 Policy but should have referenced the 2006 Policy as well.

fact or law to determine who is entitled to the Policies' death benefits; therefore, interpleader is proper and W&S should be permitted to deposit the funds into this Court's registry and be dismissed as a party.

19. W&S admits liability for the death benefits due under the Policies and stands ready, able, and willing to make immediate payment to the party or parties entitled to payments.

28. Accordingly, W&S requests to submit the death benefits of the Policies into the registry of the U.S. District Court in and for the Southern District of Mississippi. It is requested that the Clerk of Court maintain the funds in the Court's registry until the proper beneficiary or beneficiaries of the death benefits are determined.

29. W&S is entitled to and requests an Order discharging it from liability as to the claims made (or to be made) against it by Defendants.

**WHEREFORE** The Western and Southern Life Insurance Company respectfully requests as follows:

(a) That the Court order The Western and Southern Life Insurance Company to pay the death benefits under the Policies into the Court's registry until further order of the Court;

(b) That the Court order the Defendants to appear and answer and to set up whatever claims they may have in and to the above-referenced death benefits;

(c) That the Court make such judgment as necessary to determine who is properly entitled to the death benefits of the Policies and direct the Clerk of Court to release the death benefits in accordance with that judgment;

(d) That the Court enjoin the Defendants and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Policies' death

benefits and, upon final hearing, permanently enjoin and restrain the Defendants and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Policies' death benefits, or relating in any way to The Western and Southern Life Insurance Company's actions with respect to the handling of this claim;

(e) That the Court dismiss The Western and Southern Life Insurance Company as a party and discharge it from all further liability under the Policies; and

(f) That the Court take such other steps as necessary to facilitate justice and grant such additional relief as is right and proper.

Respectfully submitted this the 19th day of December, 2022.

/s/Jason A. Walters
Jason A. Walters (100867)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jwalters@bradley.com

*Attorney for The Western and Southern Life Insurance Company*